# United States District Court

SOUTHERN DISTRICT OF FLORIDA

FILED by D.C.
MAY 25 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA

V.

CLINTON GEORGE McLENNON and
WINSOR STEELMAN FYFE

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 00 -4122- SNOW

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From in or about <u>March 2000 to on or about 5/16/00</u> in <u>Broward</u> county, in the <u>Southern</u> District of <u>Florida</u> defendant(s) did, (Track Statutory Language of Offense)

knowingly and willfully combine, conspire, confederate and agree with each other to commit offenses against the United States, that is, to violate Title 18, United States Code, Section 1028, through the knowing transfer of false identification documents knowing that the documents where produced without lawful authority, and through the knowing possession of identification documents of the United States which were produced without lawful authority; and did knowingly transfer false identification documents knowing that the documents where produced without lawful authority, did knowingly possess identification documents of the United States which were produced without lawful authority;

in violation of Title <u>18</u> United States Code, Section(s) <u>371 and 1028</u>

I further state that I am a(n) <u>Special Agent, INS</u> and that this complaint is based on the following
                                    Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:  [x] Yes  [ ] No

Signature of Complainant
Richard S. Bendel, Special Agent
Immigration and Naturalization Service

Sworn to before me, and subscribed in my presence,

May 25, 2000                                  at  Fort Lauderdale, Florida
Date                                              City and State

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                Signature of Judicial Officer

**AFFIDAVIT**

Before me the undersigned authority, on this day personally appeared Richard S. Bendel, who after being duly sworn, deposes and says:

1. I am a Special Agent with the United States Immigration and Naturalization Service (INS) and have been since September 1, 1997. Prior to that I was an Immigration Agent in Tampa, Florida from December 9, 1996 to August 31, 1997. I am authorized to enforce the immigration laws of the United States, as well as related Federal criminal statutes in the performance of my duties. This affidavit is based upon my personal knowledge and information which has been provided to me by other law enforcement officers. Because this affidavit is being prepared for the limited purpose of showing probable cause for a complaint, it does not include all the details of the investigation of Clinton George McLENNON (originally identified as "NELSON" Last Name Unknown [LNU], further referred to as McLENNON) and Winsor Steelman FYFE (originally identified as Windsor FYFE).

2. An INS Form I-94 Departure Record is normally placed in an aliens passport and is used to verify an alien's entry date, class of admission, port of entry, and length of stay. The Form I-94 may also contain information concerning an alien's right to be employed in the United States. This information is stamped and hand-written on the form. The I-94 can only be stamped and issued by an authorized Immigration Officer.

1

3. An INS Form I-766 Employment Authorization Card is issued to an alien who is entitled to be employed in the United States. The Form I-766 contains an Immigration style ¾ profile picture of the alien as well as the alien's name, alien registration number, card number, date of birth, country of birth, and category of alien status. The I-766 can only be issued by an authorized Immigration Officer.

4. The Social Security Administration (SSA) uses an INS Document Verification Request (SAVE) system to request INS database checks on aliens applying for benefits or SSA cards when fraud is suspected. The SAVE unit of the Miami District INS conducts these checks and the results are submitted to the fraud unit of the Office of Investigations, INS Miami, Florida.

5. Through SAVE unit referrals, an alien illegally in possession of a fraudulent I-94 was arrested on May 15, 2000. The alien admitted that the form was counterfeit and supplied the affiant with a written statement regarding the source of these documents. In her declaration were the following statements:

- In early March 2000, she contacted FYFE through beeper number (954) 216-8081;
- FYFE's home address is 5011 NW 16th Court;
- FYFE's home telephone number is (954) 533-1693;
- On March 27, 2000, she met with FYFE at the Amoco Gas Station on State Road 441 and 12th or 16th Street;
- She paid FYFE a down payment of $1250 for a social security card and

2

an immigration work permit;

- The total price to be paid for the cards was $2500;
- FYFE called McLENNON who gave a Social Security form to her which they both completed the Social Security form together;
- McLENNON provided her with the fraudulent I-94;
- She and FYFE followed McLENNON to the Social Security office;
- FYFE accompanied her into the Social Security office and told her to go to a specific person;
- She did not receive her SSA card and called McLENNON. McLENNON stated that she should wait another week;
- FYFE stated that McLENNON stated that she needed to apply for a Social Security card at another office;
- McLENNON's home telephone number is (954) 533-1132;
- Approximately one week later, McLENNON called her at her residence and confirmed his home telephone number;
- McLENNON stated that he would work on the problem and has never called her back.

6. The alien arrested (hereinafter referred to as the C.I.) agreed to assist agents in this investigation and was issued an INS confidential informant number.

7. On May 15, 2000, the C.I. agreed to make a telephone call to FYFE. During the call, the C.I. complained that FYFE had said that he knew someone at the Social Security office and because the card had not been issued, that that claim must have been false. Additionally, the C.I. said that she wanted

3

    her money back. FYFE admitted to having previously met her and calling McLENNON. FYFE stated that he saw McLENNON at his house every evening and stated that they all three could meet that evening. FYFE identified McLENNON's address as 5021 NW 16th Court, Lauderhill. FYFE stated that FYFE's home telephone is 533-7048.

8. On May 16, 2000 at approximately 8:30 p.m., the C.I. was given a body wire with a recording device and a transmitter. At approximately 9:10 p.m., the C.I. attempted to contact FYFE at his residence at (954) 533-7048. The C.I.'s conversation was recorded and monitored. An answering machine picked up and no message was left. A second call was placed to his beeper at (954) 216-8081. FYFE returned the call to the C.I.'s cell phone shortly thereafter. FYFE answered to the name FYFE. The two agreed to meet at the Amoco Station at SR 441 and 16th Street, Lauderhill. The cell phone shows the calling number as 533-7048.

9. At approximately 9:45 p.m., agents got into position surrounding the gas station and the C.I. arrived. The C.I. was met by FYFE. The conversation between the C.I. and FYFE was monitored and recorded. FYFE acknowledged that he received $1,250 for a fake immigration document. FYFE stated that he gave McLENNON $1,000 and kept $250. FYFE admitted that he told the C.I. to go to a specific employee at the SSA office. Later in the conversation, however, he stated that he did not really know the employee. FYFE stated that McLENNON obtained the work authorization card belonging to the C.I. from a lawyer.

10. FYFE and the C.I. then traveled to McLENNON's house. FYFE gave the C.I. directions along the way. When they arrived, agents arrested FYFE outside of McLENNON's house. Agents knocked on McLENNON's door. McLENNON was detained for questioning.

11. Investigation determined that McLENNON rented a room at the residence and consented to a search of his room.

12. The following evidence was recovered during the consent search of the room rented by McLENNON:

Found in Southwest corner of bedroom:

- Envelope containing an immigration style ¾ profile photograph, labeled Janet Brown DARHON, 01-02-1960;
- Envelope containing an immigration style ¾ profile photograph, labeled Giedra Patricia LAUNS, 09-28-70, and dated 3-30-00;
- Envelope containing immigration style ¾ profile photograph, labeled Donna JOHNSON, 11-09-1963;
- Blank INS I-94 number 979704139 07;
- Blank INS I-94 number 979122284 07;
- Fraudulent SSA card number 594-87-878 bearing an altered an illegible name.

Evidence Found in briefcase:

- Envelope containing an immigration style ¾ profile photograph, labeled Clinton bearing the likeness of McLENNON;
- Numerous papers with names, addresses and telephone numbers;

5

- Fraudulent INS Form I-766 Employment Authorization Card containing the name Clinton George McLENNON, A78 940 296;
- Drivers license bearing the name Clinton George McLENNON;
- Social Security card receipt for Clinton George McLENNON, 1901 SW 100th Terrace, Miramar, FL  33025-1833 dated 10-28-98;
- Envelope labeled Jasmine Marie BROWN, 01-02-1960

13. INS record checks reveal that McLENNON is not entitled to an I-766 Employment Authorization Card and that the alien registration number listed on the card has not been issued.

14. INS record checks reveal that Donna JOHNSON is a non-immigrant B-2 visitor for pleasure with authorization to remain in the United States until October 10, 2000.  She does not have any authorization to work or live in the United States.

15. Investigation revealed that McLENNON's true name is Clinton George McLENNON.

16. Investigation revealed that FYFE's true name is Winsor Steelman FYFE.

17. FYFE was advised of his rights per Miranda and refused to make a statement.

18. McLENNON was advised of his Miranda warnings by the affiant and agreed to make a statement.  McLENNON provided an oral statement which was transcribed in a computer.  McLENNON made the following statements:
    - McLENNON admitted that his telephone number is (954) 533-1132;

6

- Sometime in 1998, McLENNON purchased an INS I-766 work authorization card and a white work authorization card for $500;

- McLENNON admitted that he supplied a fraudulent work authorization card to the C.I.

19. McLENNON was questioned about some of the statements made to the affiant. McLENNON asserted that the statements made to the affiant were the truth. However, when McLENNON was asked to sign the statement, he requested a lawyer and refused to sign.

20. Based on the foregoing, I believe that there is probable cause to charge McLENNON and FYFE with violations of Title 18 U.S.C. §§371 and 1546(a) and 1028.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

RICHARD S. BENDEL
Special Agent
U.S. Immigration and Naturalization Service
Miami, Florida

Sworn and subscribed before me this ____ day of May, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

7