UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6153-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WINSOR FYFE,

        Defendant,

    and

I.F.I.C.,

        Corporate Surety,

    and

O. Vanchope,

        Personal Surety.
_____/

NIGHT BOX
FILED

MAR 0 4 2004

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

**MOTION FOR REVOCATION AND ESTREATURE AND FOR ENTRY
OF A FINAL JUDGMENT OF FORFEITURE OF APPEARANCE BONDS**

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, moves this Court to revoke and estreat the appearance bonds and enter a Final Judgment of Forfeiture of Appearance Bonds in favor of plaintiff and against defendant Winsor Fyfe and I.F.I.C., corporate surety, in the amount of $15,000, and against defendant Winsor Fyfe and personal surety, O. Vanchope, in the amount of $20,000. Plaintiff will rely in support hereof upon the annexed Memorandum of Law.



## MEMORANDUM OF LAW

## REQUEST FOR ESTREATURE

1. On June 13, 2000, defendant Winsor Fyfe and I.F.I.C., executed a corporate surety appearance bond on behalf of the defendant in the sum of $15,000 to guarantee the defendant's appearance as ordered by the Court.

2. On June 13, 2000, defendant Winsor Fyfe and O. Vanchope, executed a personal surety appearance bond on behalf of the defendant in the sum of $20,000 to guarantee the defendant's appearance as ordered by the Court.

3. The defendant Winsor Fyfe has not honored the terms of the appearance bonds in that Winsor Fyfe failed to appear for sentencing as order by the court.

4. An arrest warrant was issued and the defendant Winsor Fyfe remains a fugitive, but it does not formally appear from the record that an order revoking and estreating the appearance bonds was entered.

5. The provisions of Fed. R. Crim. P. 46(e)(1), provide that: "If there is a breach of condition of a bond, the district Court shall declare a forfeiture of the bail." It has been held that the revocation or forfeiture required by these provisions is mandatory, even though it may later be set aside under the further provisions of Paragraph (e). United States v. Stanley, 601 F.2d 380 (9th Cir. 1979); Smith v. United States, 357 F.2d 486, 490 (5th Cir. 1966); Wright, Federal Practice & Procedure: Criminal 2d §776. No notice to the defendant or surety concerning the failure to appear or action for estreature is required, even though such notice is required in connection with a subsequent motion for appearance bond forfeiture judgment. United States v. Vera-Estrada, 577 F.2d 598 (9th Cir. 1979); United States v. Marquez, 564 F.2d 379, 381 (10th Cir. 1977).

6. Plaintiff therefore moves the Court to revoke and estreat the appearance bonds as to the defendant and sureties.

## REQUEST FOR BOND FORFEITURE JUDGMENT

7. The provisions of Fed. R. Crim. P. 46(e)(3) permit the Court, upon motion, to enter judgment as to any bond previously estreated and not subsequently set aside, and further provide that the obligors on the bond submit to jurisdiction and irrevocably appoint the Clerk of Court their agent for service of process when they execute the bond.

8. Upon the failure of any defendant to appear as directed by the Court, the provisions of 18 U.S.C. § 3146(d) permit the Court to declare forfeit to the United States any property posted or pledged to secure an appearance bond executed under the provisions of 18 U.S.C. §§ 3142(b), 3142(c)(1)(B)(xi) or (xii).

9. It is clear that upon failure of a bailed defendant to appear as required the surety becomes absolutely obligated to the United States for the full amount of the bond, and that the government is not required in its motion to prove the amount of its expenses as a result of the breach. United States v. Foster, 417 F.2d 1254, 1256 (7th Cir. 1969); United States v. Caro, 56 F.R.D. 16, 20 (S.D. FL 1972); Wright, Federal Practice and Procedure: Criminal 2d § 776.

**WHEREFORE**, the United States of America moves this Court to enter a Final Judgment of Forfeiture of Appearance Bonds as to the aforesaid defendant and sureties in the sums of $15,000 as to the corporate surety and $20,000 as to the personal surety, together with interest as prescribed by 28 U.S.C. § 1961, and the costs of this action.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____
ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. FL 933996
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida 33394
Telephone (954) 356-7255
Fax No. (954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 5th day of March, 2004, to:

Junior W. Farquharson, Esq. 5546 W. Oakland Park Blvd, Ft. Lauderdale, FL 33313
Winsor Fyfe, 1836 N.W. 9th Avenue, Plantation, Florida
William Sheppard, Agent for I.F.I.C., 220 S.E. 12th St., Ft. Lauderdale, Florida 33316
O. Vanchope, 4970 N.W. 16th Court, Ft. Lauderdale, Florida
I.F.I.C., Att: Bond Dept.,

_____
ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6153-CR-FERGUSON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WINSOR FYFE,

        Defendant,

and

I.F.I.C.,

        Corporate Surety,

and

O. VANCHOPE

        Personal Surety.
_____/

## ORDER REVOKING SURETY AND ESTREATING APPEARANCE BONDS

THIS MATTER is before the Court on the United States' Motion for revocation and estreature of the corporate surety appearance bond of defendant Winsor Fyfe and I.F.I.C. in the sum of $15,000 and the personal surety appearance bond of defendant Winsor Fyfe and O. Vanchope, in the sum of $20,000, and is amply supported by the records of this Court; therefore, it is

**ORDERED AND ADJUDGED** that the appearance bonds of defendant Winsor Fyfe in the sums of $20,000 Personal Surety Bond and $15,000 Corporate Surety Bond, plus interest, if any, are

hereby revoked and estreated.

      **DONE AND ORDERED** in Chambers in Ft. Lauderdale, Florida, this ___ day of_____,

2000

                                              URSULA UNGARO-BENAGES
                                              UNITED STATES DISTRICT JUDGE

cc:

AUSA ROBERT N. NICHOLSON/Victoria Fallick
AUSA Elizabeth Stein
Junior W. Farquharson, Esq. 5546 W. Oakland Park Blvd, Ft. Lauderdale, FL 33313
Winsor Fyfe, 1836 N.W. 9th Avenue, Plantation, Florida
William Sheppard, Agent for I.F.I.C., 220 S.E. 12th St., Ft. Lauderdale, Florida 33316
O. Vanchope, 4970 N.W. 16th Court, Ft. Lauderdale, Florida

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6153-CR-FERGUSON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WINSOR FYFE,

        Defendant,

   and

I.F.I.C.,

        Corporate Surety,

   and

O. VANCHOPE,

        Personal Surety.
_____/

## FINAL JUDGMENT OF FORFEITURE OF APPEARANCE BONDS

THIS MATTER is before the Court on the United States' Motion for a Final Judgment of Forfeiture of Appearance Bonds against defendant Winsor Fyfe as to the sureties I.F.I.C., corporate surety, in the amount of $15,000, and personal sureties Winsor Fyfe and O. Vanchope in the amount of $20,000. The United States seeks to forfeit the appearance bonds posted with this Court in the sum of $15,000 as to the corporate surety bond and $20,000 as to the personal surety bond, respectively, and the Court having noted the previous revocation and estreature of said appearance

bonds, and having found no basis for exonerating or remitting the bonds, it is

**ORDERED AND ADJUDGED** that plaintiff United States of America have judgment against defendant Winsor Fyfe and I.F.I.C. in the sum of $15,000 as to the corporate surety bond, against defendant Winsor Fyfe and O. Vanchope, in the sum of $20,000 as to the personal surety bond, respectively, together with interest thereon from the date of this judgment as prescribed by 28 U.S.C. § 1961; and it is further,

**ORDERED AND ADJUDGED** that any and all monies or things of value deposited with the Registry Fund Account of the Clerk of Court as security for the aforesaid bonds shall be forthwith transferred to the treasury of the United States in accordance with 28 U.S.C. §§ 2042 and 2043; and it is further

**ORDERED AND ADJUDGED** that any and all real or personal property, wherever situated and in whomsoever's custody it may be, pledged or granted to the United States to secure payment of the aforesaid bonds, is hereby forfeited to the United States and subject to disposition according to law.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Florida, this ___ day of March, 2001.

```
_____
URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE
```

cc:

AUSA ROBERT N. NICHOLSON/Victoria Fallick
AUSA Elizabeth Stein (**two certified copies**)
Junior W. Farquharson, Esq. 5546 W. Oakland Park Blvd, Ft. Lauderdale, FL 33313
Winsor Fyfe, 1836 N.W. 9th Avenue, Plantation, Florida
William Sheppard, Agent for I.F.I.C., 220 S.E. 12th St., Ft. Lauderdale, Florida 33316
O. Vanchope, 4970 N.W. 16th Court, Ft. Lauderdale, Florida